**FILED**

NOT FOR PUBLICATION

APR 03 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANDI HEFFNER; KEAWE' ULA, LLC,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>PETER YOUNG; TIMOTHY E. JOHNS; GERALD DEMELLO; TOBY MARTYN; TED YAMAMURA; LYNN MCCRORY; SAMUEL LEMMO; DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>Defendants - Appellees. | No. 05-15101<br><br>D.C. No. CV-04-00133-DAE<br><br>MEMORANDUM[*] |
| CHANDI HEFFNER; KEAWE' ULA, LLC,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>PETER YOUNG; TIMOTHY E. JOHNS; GERALD DEMELLO; TOBY MARTYN; TED YAMAMURA; LYNN MCCRORY; SAMUEL LEMMO; DEPARTMENT OF LAND AND NATURAL RESOURCES, | No. 05-15102<br><br>D.C. No. CV-04-00133-DAE |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| Defendants - Appellants. |
|---|

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted November 15, 2006
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

Chandi Duke Heffner appeals the district court's decision to dismiss in part and stay in part her suit against the Hawaii Department of Land and Natural Resources ("DLNR") and certain DLNR officials. Heffner argues that the DLNR defendants committed due process, double jeopardy, racketeering, and Takings Clause violations when they demanded that she allow a public right of way across her property as a condition for receiving a permit. The DLNR defendants cross-appeal, asserting that the district court should have dismissed rather than stayed Heffner's takings claim. We affirm the district court in full.

1. Heffner's claim that the DLNR's order of September 2, 1999, violated her due process rights is time barred. Because the alleged violation became apparent when the order was issued, the two-year statute of limitations began to run at that time and expired before Heffner filed this action. *See De Anza Props. X*

*Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991); *see also* Haw. Rev. Stat. § 657-7.

2. Heffner's due process and double jeopardy claims arising out of the DLNR's orders of March 11, 2003, and January 27, 2004, also fail. Heffner received adequate notice and an opportunity to be heard before the orders were issued. Moreover, apart from the fact that the orders fined Heffner for distinct offenses, the Supreme Court has held that the Double Jeopardy Clause applies only to criminal sanctions. *See Hudson v. United States*, 522 U.S. 93, 99 (1997).

3. Because the DLNR defendants did not commit the predicate act of extortion, the district court properly concluded that Heffner could not sustain her racketeering claims under either RICO or state law. Extortion involves obtaining property through the "*wrongful* use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2) (emphasis added). Because the DLNR defendants acted pursuant to the State's determination that the State had a legitimate preexisting ownership interest, their acts were not extortionate. *See United States v. Enmons*, 410 U.S. 396, 400 (1973); *see also* Haw. Rev. Stat. § 707-769(1). We do not decide in this appeal the merits of the State's ownership claim.

4. As for Heffner's takings claim, the district court was correct to abstain under the *Pullman* doctrine until there is a definitive state court ruling on the question of ownership. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 498-502 (1941). First, we have "consistently held that 'land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention.'" *Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996) (quoting *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984)). Second, because there can be no improper exaction if the State already owns the disputed property, "a definitive ruling on the state issues by a state court could obviate the need for constitutional adjudication by the federal court." *Kollsman*, 737 F.2d at 833. And third, the scope and effect of the relevant state law, including the Highway Act of 1892, is "uncertain." *Id.*

5. Finally, we have no authority to consider Heffner's pendent claims regarding the state administrative proceedings. Heffner's case was not "contested" within the meaning of Hawaii law and therefore is not subject to judicial review. *See, e.g., Hui Kako'o Aina Ho'opulapula v. Bd. of Land & Natural Res.*, 143 P.3d 1230, 1241-42 (Haw. 2006); *see also* Haw. Rev. Stat. § 91-14(a); Haw. Admin. R. 13-1-29(a).

AFFIRMED.