IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHANDI DUKE HEFFNER and KEAWE'ULA LLC,<br><br>    Plaintiffs,<br><br>  vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY, SAMUEL J. LEMMO and STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>    Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## I.   INTRODUCTION AND BRIEF STATEMENT OF FACTS[1]

Plaintiffs filed their complaint on February 23, 2004. Their claims relate to property they own on the Kona Coast of the Big Island. The property is partly in a conservation district and thus subject to Haw. Rev. Stat. chapter 183C and rules promulgated thereunder.

Plaintiffs did various work on the property. The Department of Land and Natural Resources of the State of Hawai'i (DLNR) believed the work violated applicable law. The Board of Land and Natural Resources of the State of Hawai'i (the Board) fined plaintiff for the work and imposed various conditions.

---

[1] The facts are more fully developed in the briefing on the State's original motion.

244282_1.DOC

Plaintiffs sued the State, a staff person at DLNR, and members of the Board personally, alleging that defendants' actions were racketeering activities in violation of the federal RICO statute, violated various of plaintiffs' constitutional rights, and constituted a taking.

On motion by defendants, this court dismissed or granted summary judgment as to all claims except the takings claim. This court stayed the "takings claim pursuant to *Pullman*[2] abstention until Plaintiffs have sought a definitive ruling in state court regarding this state law question" of whether there is a state owned road on the property. Court's order filed November 26, 2004, at page 18.

Plaintiffs appealed. Defendants cross appealed. The Ninth Circuit upheld this court in all respects in a non published decision filed April 3, 2007.

Plaintiffs have not initiated any state court action to resolve the state law issue. Plaintiffs' attorney has indicated to defendants' attorney and to the magistrate judge that plaintiffs do not believe they are required to initiate state court action and do not intend to do so.

---

[2] Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941).

244282_1.DOC

## II. DISCUSSION

Plaintiffs apparently believe that this case, unlike any other federal court case, can linger indefinitely and that they have no duty to prosecute it. Defendants are unaware of any basis for this belief. The Pullman stay is in no way a mandate to do nothing forever. In Pullman itself, the Supreme Court directed that the state court proceeding be initiated with "reasonable promptness:"

> We therefore remand the cause to the district court, with directions to retain the bill pending a determination of proceedings, to be brought with reasonable promptness, in the state court in conformity with this opinion.

312 U.S. at 501-502.

Defendants do not expect or request this court to dismiss the case immediately. Defendants do, however, request the court to set a very short deadline for plaintiffs to initiate an appropriate state court action and to dismiss this case if plaintiffs choose not to meet that deadline.

DATED: Honolulu, Hawai'i    July 10, 2007    .

William J. Wynhoff
Deputy Attorney General
Attorney for Defendants

244282_1.DOC