GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BRUCE L. LAMON                2738-0
    blamon@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorney for Plaintiffs
CHANDI DUKE HEFFNER and
KEAWEʻULA LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANDI DUKE HEFFNER AND KEAWEʻULA LLC,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY; SAMUEL J. LEMMO AND STATE OF HAWAII, DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>                    Defendants. | CIVIL NO.  04-00133 DAE BMK<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MOTION TO DISMISS REMAINING CLAIM FOR FAILURE TO PROSECUTE FILED ON JULY 10, 2007; DECLARATION OF BRUCE L. LAMON; EXHIBITS A - C; CERTIFICATE OF SERVICE<br><br>HEARING DATE:<br><br>Date:  September 17, 2007<br>Time:  10:30 a.m.<br>Judge:  Honorable David A. Ezra |

1900329.1

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS REMAINING CLAIM FOR FAILURE TO PROSECUTE

## I. BACKGROUND AND PROCEDURAL HISTORY

Since this matter has not been before the Court for several years, a brief recitation of the background may assist the Court in evaluating Plaintiffs' opposition to the pending motion.

In 1999, Plaintiff Chandi Duke Heffner ("Heffner") performed maintenance on a jeep trail that runs roughly lateral to the shoreline through property she had recently purchased located about halfway between Kawaihae and Hawi on the Big Island. Defendant State of Hawaii Department of Land and Natural Resources ("DLNR") fined Heffner for doing this work without a permit and required her to get an after-the-fact permit.

In 2000, while her permit application was pending, DLNR informed Heffner that it had recently discovered that the jeep trail belonged to the state but that this development would not change the processing of her application.[1]

In 2004, an after-the-fact permit[2] was issued subject to conditions including Condition 13, which states:

---

[1] See the letter from DLNR to Heffner's counsel dated February 4, 2000 attached as Exhibit D to DLNR's April 26, 2004 Motion to Dismiss of for Summary Judgment herein ("Motion to Dismiss"). A copy is attached as Exhibit A.

[2] A copy of the permit is attached as Exhibit A to Exhibit A to Plaintiffs' July 8, 2004 Memorandum in Opposition to Defendants' Motion to Dismiss herein.

1900329.1

>	13. Upon determining a reasonable location of the state-owned ala loa, the applicant shall work directly with Na Ala Hele to establish a final alignment for the ala loa and to establish public access. A final alignment for the ala loa and lateral public access shall be established within three (3) months of the Board's action on this matter.

The permit stipulates that if the conditions are not complied with, the permit becomes null and void, at which point according to a DLNR staff report approved by DLNR chair Defendant Peter Young, the matter would be considered a continuing violation, subject to a $2,000 per day fine retroactive to 1999.

>	In its April 26, 2004 Motion to Dismiss herein, DLNR stated:

>	Condition 13 does not require plaintiffs to deed the trail to the State or give up their own claim of ownership. All it requires plaintiffs to do is assist in determining where the trail should be aligned when and if it is determined to belong to the State.[3]

>	At oral argument on the Motion to Dismiss, the Court engaged DLNR's counsel in the following colloquy:

>	THE COURT: So you're telling me unequivocally that they do not have paying over their head a $2,000 per day fine?

>	MR. WYNHOFF: I can tell you unequivocally they do not have a $2,000 a day fine dating from March 11, 2003 and they do not have one dating for . . .

>	THE COURT: What about '99? That's what they're worried about.

---

[3] See p. 16 from the excerpt from DLNR's April 26, 2004 Motion to Dismiss attached as Exhibit B.

2

> MR. WYNHOFF: No. Not from – not from '99 either. Unequivocally they do not, and that's what the document says. They have done what they were supposed to do.[4]

By Order dated November 26, 2004 ("Order") herein, the Court granted DLNR's Motion to Dismiss with respect to all claims except for part of Plaintiffs' claim under 42 U.S.C. § 1983. The Order stayed the remaining claim pursuant to *Railroad Comm'n v. Pullman*, 312 U.S. 496 (1941) for "a determination from the state court regarding the meaning and effect of the Highways Act of 1892 and its current incarnation." Order at 18. The Ninth Circuit affirmed in an unpublished decision dated April 3, 2007; Plaintiffs' deadline for seeking *certiorari* from the United States Supreme Court expired on or about July 3, 2007.

On July 10, 2007, the pending motion was filed.

## II.   DISCUSSION

It is true, as DLNR points out, that in *Pullman* the Court ordered a stay pending state court proceedings to be brought "with reasonable promptness." *Id.* at 501-502. *Pullman* did not however announce a rule of universal application, hold that a state court action must always be brought with reasonable promptness, or state that federal court should dismiss the action for failure to prosecute or

---

[4] See pp. 28-29 from the excerpt from the July 26, 2004 Transcript of Proceedings attached as Exhibit C.

3

otherwise if the state court action is not brought with reasonable promptness. The undersigned counsel has located no case decided in the 66 years since *Pullman* where a federal court dismissed the stayed action because plaintiff failed to pursue a state court action (or even a case holding that *Pullman* requires a federal court to do so), and DLNR does not cite any. Likewise, this Court's Order did not impose any deadline for filing a state court proceeding upon any party.

In this case, Plaintiffs do not wish to be forced to initiate a state court proceeding at this time, for reasons they hope appear sound to the Court.

In the interim since DLNR's announcement of its claim to the jeep trail in 2000, DLNR has not attempted to enforce public access and has not attempted physically to disturb or challenge plaintiffs' exclusive use and possession of the jeep trail. DLNR has indicated informally that it has no current plans to attempt to assert possession or control over the jeep trail.

The property is not developed, and Plaintiffs have no current plans to develop it which might implicate the dispute over ownership of the jeep trail.

In a state court action to declare the rights of the parties or to quiet title, the undersigned counsel is currently aware of no statutory or other basis upon which Plaintiffs, should they prevail, would be awarded attorney fees against the state.

If the state court action could not be resolved as a matter of law, the proof would include evidence relating to when the jeep trail came into existence, its use and the use of the surrounding land between the enactment of the Highways Act of 1892 and the present. Trial therefore could be protracted and expensive. In an action to quiet title, Plaintiffs would bear the burden of proof, and such an action could potentially attract other claimants to the jeep trial beyond just Plaintiffs and DLNR.

Under these circumstances, where the parties have in effect found a way to peacefully co-exist under an informal cease-fire, Plaintiffs respectfully submit that the Plaintiffs should not be required to adhere to a "very short deadline" to choose between initiating litigation and abandoning their federal civil rights claims. As the Third Circuit has observed, *Pullman* abstention "is usually invoked when a plaintiff properly invokes federal court jurisdiction in the first instance on a federal claim." *Ivy Club v. Edwards*, 943 F.2d 270, 279 (3d Cir. 1991) (citing *Allen v. McCurry*, 449 U.S. 90, 101 n. 17 (1980)). *Pullman* abstention "may serve only to postpone, rather than to abdicate, jurisdiction." *Id.*

If the Court is nevertheless considering granting the pending motion, Plaintiffs suggest two alternatives, either one of which could result in a prompt termination of the litigation and obviate any concerns about an indefinite stay.

5

First, Plaintiffs would request that the stay be lifted for a limited time and for the limited purpose of permitting the parties to discuss settlement, under the auspices of the Magistrate Judge if necessary. A preliminary discussion of settlement prospects at a July 2, 2007 status conference before the Magistrate Judge held promise of a possible agreed resolution and yielded an offer from the Magistrate Judge to assist in resolving the case.

The second alternative would be for the Court to dismiss the case without prejudice at Plaintiffs' request upon conditions pursuant to FRCP 41(a)(2), said conditions being that Defendants continue to abide by their representations, as quoted above, that (1) no fine will be imposed upon Defendants for violation of Condition 13, and (2) that Plaintiffs have no obligations under Condition 13 unless and until the trail or an alignment is determined to belong to the state; and, in addition, upon the condition that the Court retains jurisdiction to address any claim of violation of the foregoing conditions.[5]

---

[5] A federal court may order a conditional dismissal without prejudice following an abstention determination. *E.g.*, *Trent v. Dial Medical of Florida*, No. 92-4493, 1992 U.S. Dist. LEXIS 19609 (D. Pa. Nov. 30, 1992), *aff'd* 33 F.3d 217, 220 (3d Cir. 1994). In *Trent*, the federal court dismissed plaintiff's suit without prejudice after determining that abstention was proper. *Id*. at \*9-\*10. Additionally, the court ordered that the case was "to remain in status quo," "discovery and settlement discussions will continue in coordination with" the [pending state] case, the parties could contact the court if they needed judicial intervention, and the parties may "write directly to the court or set a telephone conference" when they "are ready for trial or wish a settlement conference." *Id*. at \*11. As the appellate court held in affirming the lower court's decision, the district courts order "appears to remove

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the pending motion be denied, or that one or the other alternatives discussed above be granted.

DATED:  Honolulu, Hawaii, August 31, 2007.

                                             /s/ Bruce L. Lamon
                                             BRUCE L. LAMON
                                             Attorney for Plaintiffs
                                             CHANDI DUKE HEFFNER and
                                             KEAWE'ULA LLC

---

the case from the district court's docket of pending cases but to anticipate reactivation." *Trent v. Dial Medical*, 33 F.3d 217, 220 (3d Cir. 1994).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANDI DUKE HEFFNER AND KEAWE'ULA LLC,<br><br>             Plaintiffs,<br><br>   vs.<br><br>PETER YOUNG, et al.,<br><br>             Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>DECLARATION OF BRUCE L. LAMON |

DECLARATION OF BRUCE L. LAMON

1.   I, Bruce L. Lamon, am counsel of record herein for Plaintiffs Chandi Duke Heffner and Keawe'Ula LLC.  I make this declaration based upon my own personal knowledge and upon information and belief gained in that capacity.

2.   The facts set forth in the foregoing Memorandum are true and correct, and that exhibits A-C attached hereto are true and correct copies of the documents they are described as being in the foregoing Memorandum.

I declare under penalty of perjury that I am over 18 years of age and that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, August 31, 2007.

                              /s/ Bruce L. Lamon_____
                              BRUCE L. LAMON

1900329.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANDI DUKE HEFFNER AND KEAWEʻULA LLC,<br><br>       Plaintiffs,<br><br>   vs.<br><br>PETER YOUNG, et al.,<br><br>       Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>CERTIFICATE OF SERVICE |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following parties, in the manner described thereto, at their last-known addresses on the date indicated below:

|  | MAIL | HAND DELIVERY | FAX |
|---|---|---|---|
| William J. Wynhoff, Esq.<br>Deputy Attorney General<br>Office of the Attorney General<br>State of Hawaii<br>465 South King Street, Room 300<br>Honolulu, Hawaii 96813 |  | ☒ |  |

Attorney for Defendants

DATED: Honolulu, Hawaii, August 31, 2007.

/s/ Bruce L. Lamon
BRUCE L. LAMON
Attorney for Plaintiffs
CHANDI DUKE HEFFNER and
KEAWEʻULA LLC

1900329.1