MARK J. BENNETT
Attorney General of Hawai'i

WILLIAM J. WYNHOFF
A. SONIA FAUST
YVONNE Y. IZU
LINDA L. CHOW
Deputy Attorneys General
Department of the Attorney
   General, State of Hawaii
465 King Street, Suite 300
Honolulu, Hawaii  96813
Telephone:  (808) 587-2988
Fax:  (808) 587-2999
E-mail: bill.j.wynhoff@hawaii.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 6 2004

at  8  o'clock and 52 min. A M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHANDI DUKE HEFFNER and KEAWE'ULA LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY, SAMUEL J. LEMMO and STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>NOTICE OF HEARING MOTION<br><br>DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT<br><br>MEMORANDUM IN SUPPORT OF MOTION<br><br>EXHIBITS "A" TO "G"<br><br>DECLARATION OF TERRY CROWELL<br><br>DECLARATION OF SAMUEL J. LEMMO<br><br>DECLARATION OF WILLIAM J. WYNHOFF<br><br>CERTIFICATE OF SERVICE<br><br>DATE:  July 26, 2004<br>TIME:  9:45 A.M.<br>JUDGE:  DAVID A. EZRA |

87703_7

EXHIBIT  B

First, defendants did not obtain and do not seek[7] to obtain property from plaintiffs. On the contrary, defendants were advised that the State already owned the property in question. Nor do defendants seek plaintiffs' consent to any transfer of property. Condition 13 does not require plaintiffs to deed the trail to the State or give up their own claim to ownership. All it requires plaintiffs to do is assist in determining where the trail should be aligned when and if it is determined to belong to the State.

Second, because the State has a claim of right to the property, defendants' action is not "wrongful" under the Hobbs Act as a matter of law. U.S. v. Enmons, 410 U.S. 396, 400 (1973) ("'[W]rongful' has meaning in the Act only if it limits the statute's coverage to those instances where the obtaining of the property would itself be 'wrongful' because the alleged extortionist has no lawful claim to that property."); U.S. v. Dischner, 974 F.2d 1502, 1516 (9th Cir. 1992) ("Thus, in order to prove extortion by wrongful use of force or fear, the government must establish that . . . (2) the defendant acted with the intent to obtain money or property that defendant knew he was not entitled to receive"), overruled on other grounds by United States v. Morales, 108 F.3d 1031, 1035 n. 1 (9th Cir. 1997) (en

---

[7] The Hobbs Act prohibits both extortion and attempted extortion. 18 U.S.C. § 1951(a).