

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHANDI DUKE HEFFNER, et al., | ) | CIVIL NO. 04-00133DAE-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PETER YOUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DAVID ALAN EZRA
UNITED STATES DISTRICT COURT JUDGE
ON JULY 26, 2004

APPEARANCES:

For Plaintiffs          BRUCE L. LAMON, ESQ.
                        Goodsill Anderson Quinn &
                          Stifel LLP
                        Alii Place
                        1099 Alakea Street, Suite 1800
                        Honolulu, HI  96813

For Defendants          WILLIAM J. WYNHOFF, ESQ.
                        Office of the Attorney General
                        Kekuanao'a Building
                        465 S. King Street, Room 300
                        Honolulu, HI  96813

Transcriber             JUVELYNN PUNZAL

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

HONOLULU TRANSCRIPTION SERVICES, LLC    (808) 306-0205



EXHIBIT C

28

```
 1   our complaint but on our RICO statement that -- that this
 2   plan of extortion is being carried out with respect to all
 3   the property owners that are in the path of the Alialikai
 4   trail.  And, Your Honor, if the Court is interested in the
 5   type of facts that I can prove in support of that claim, I
 6   have with me, although I did not attach it to my papers, but
 7   I'd be happy to show the Court a form letter that DLNR sent
 8   to all the property owners along that coast saying this is
 9   to let you know that we own this property and you -- you
10   please tell your prospective buyers that they've got to come
11   deal with us.
12            So, Your Honor, the impact under McClain v. Real
13   Estate Board on the -- the -- in terms of retarding the
14   volume of real estate sales is palpable and clear it's not
15   diminutives.
16            Thank you very much for bearing with me, Your
17   Honor.
18            THE COURT:  All right.  Very briefly, Mr. Wynhoff.
19            MR. WYNHOFF:  Actually, I only have one point.
20            I really had some trouble trying to understand
21   what the $3.6 million is referring to, but as best I've been
22   able to tell, it refers to Exhibit B in the plaintiff's
23   opposition memorandum which is our March 11, 2003 letter.
24   And in that -- in that it says they need to do two things.
25   Well, several things, but, B, they need -- they need to pay
```

                                                                29

 1   their fines and, C, they need to file a conservation
 2   district use application by July 1, 2003.  And then it goes
 3   on to say, in the event of failure to comply with B or C,
 4   the DLNR may impose a fine of $2,000 per day.  So I guess
 5   that's what they're referring to, but they also -- their own
 6   complaint says that they've already paid the fine and
 7   they've already filed for a conservation district use
 8   application.  So I don't think there is really any point.
 9           THE COURT:  So you're telling me unequivocally
10   that they do not have paying over their head a $2,000 a day
11   fine?
12           MR. WYNHOFF:  I can tell you unequivocally they do
13   not have a $2,000 a day fine dating from March 11, 2003 and
14   they do not have one dating for --
15           THE COURT:  What about '99?  That's what they're
16   worried about.
17           MR. WYNHOFF:  No.  Not from -- not from '99
18   either.  Unequivocally, they do not, and that's what the
19   document says.  They have done what they were supposed to do
20   in 1991.
21           THE COURT:  Well, if nothing else, Mr. Lamon,
22   you've won a significant victory.  You saved your client $3
23   million.  I don't know what they're paying you, but it isn't
24   enough.
25           MR. WYNHOFF:  Your Honor, I only have one other