ORIGINAL

MARK J. BENNETT
Attorney General of Hawai'i

WILLIAM J. WYNHOFF
Deputy Attorney General
Department of the Attorney
    General, State of Hawaii
465 King Street, Suite 300
Honolulu, Hawaii 96813
Telephone: (808) 587-2988
Fax: (808) 587-2999
E-mail: bill.j.wynhoff@hawaii.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 07 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHANDI DUKE HEFFNER and KEAWE'ULA LLC,<br><br>           Plaintiffs,<br><br>     vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY, SAMUEL J. LEMMO and STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>           Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS REMAINING CLAIM FOR FAILURE TO PROSECUTE FILED JULY 10, 2007<br><br>CERTIFICATE OF SERVICE<br><br>DATE: SEPTEMBER 17, 2007<br>TIME: 10:30 A.M.<br>JUDGE: DAVID A. EZRA |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM FOR FAILURE TO PROSECUTE FILED JULY 10, 2007

The only claim remaining in this case is a taking claim against <u>individual</u> state officials. Defendants Peter Young, Timothy Johns, Gerald L. DeMello, Toby Martyn, Ted Yamamura, and Lynn P. McCrory were members of the State's Board of Land and

Natural Resources in January 2004, when the "taking" allegedly occurred by way of "Condition 13." <u>Only</u> Mr. Johns is still on the Board.

Samuel Lemmo was and is an employee of the Department of Land and Natural Resources.

Plaintiffs request that this case, unlike every other case in federal court, be allowed to languish indefinitely. The only reason for this remarkable request is the claim that the status quo constitutes "in effect" a way for the parties "to peacefully co-exist under an informal cease-fire."

Defendants see this matter very differently. This is a lawsuit against them <u>personally</u>. So defendants suggest that rather than being a "cease-fire," the lawsuit is a thinly veiled threat directed to the <u>current</u> board and its employees that any action against plaintiffs will penalize <u>former</u> board members.

This is grossly unfair. If plaintiffs believe their present claim has merit, then they are bound to pursue it. If the Board or State employees do anything wrong in the future, then plaintiffs can sue the proper defendants at the time.

As for a lifting of the stay to permit settlement negotiation, the stay has never prohibited settlement. In fact, the case was referred to the Ninth Circuit mediation but no agreement was reached. Suffice it to say that the case has not

been settled in the three years since it was filed, so is unlikely to settle now.

As for ordering "defendants" to continue to abide by their "representations," first, "defendants," other than Mr. Johns, are not on the Board and have no authority to take or refrain from taking any future action. Any such order would either be futile or would, at best, impair present Board members in their official capacities. The constitutional basis for such an order against the State is dubious at best.

Second, all plaintiffs' claims relating to condition 13, except taking, were denied. With respect, this court should not award conditions in connection with dismissal that plaintiffs failed to obtain on the merits.

Third, there is no reason to believe the Board intends to do anything wrong in the future. If it does (and as mentioned above) then is the time to sue.

Finally, plaintiffs lament that pursuing their claim would be "protracted and expensive." As to "protracted," their proposed alternative – do nothing – will surely take longer than getting started now.

As to "expensive," this lament is truly ironic given that Ms. Heffner is one of the richest women in the world. It is doubly ironic (if not wholly ridiculous) given that plaintiffs' proposed alternative is to impose a continuing burden on the

ordinary men and women who served on the Board or work for the State.

Like every other plaintiff who invokes the jurisdiction of this court, plaintiffs here have a duty diligently to prosecute. If they refuse, the case should be dismissed.

DATED: Honolulu, Hawai'i    September 7, 2007    .

_____
William J. Wynhoff
Deputy Attorney General
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHANDI DUKE HEFFNER and KEAWE'ULA LLC,<br><br>        Plaintiffs,<br><br>  vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY, SAMUEL J. LEMMO and STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL RESOURCES,<br><br>        Defendants. | CIVIL NO. 04-00133 DAE BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing document on the following person by depositing the same in the U.S. mail, postage prepaid, on September 7, 2007:

    Bruce L. Lamon
    Goodsill Anderson Quinn & Stifel
    Alii Place, Suite 1800
    1099 Alakea Street
    Honolulu, Hawai'i 96813

DATED: Honolulu, Hawai'i   September 7, 2007.

                                    William J. Wynhoff
                                    Deputy Attorney General
                                    Attorney for Defendants