IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANDI DUKE HEFFNER AND KEAWE`ULA LLC,<br><br>    Plaintiffs<br><br>  vs.<br><br>PETER YOUNG, TIMOTHY JOHNS, GERALD L. DEMELLO, TOBY MARTYN, TED YAMAMURA, LYNN P. MCCRORY; STATE OF HAWAII, DEPARTMENT OF LAND AND ANTURAL RESOURCES,<br><br>    Defendants. | CV. NO. 04-00133 DAE BMK |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

       Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss. If Plaintiffs do not initiate a state court action to resolve the state law issue regarding ownership of the road on the property within 30 days of the date of this Order, this case will be dismissed, without prejudice.

BACKGROUND

This case involves a dispute over whether the State of Hawai`i owns a jeep trail that runs through the 166 acre oceanfront property on the Kona Coast of the island of Hawai`i, which Plaintiff Chandi Duke Heffner ("Plaintiff") purchased in April of 1999. Defendant Peter Young is the former Chairman of the State of Hawai`i Board of Land and Natural Resources ("BLNR"). Defendants Gerald DeMello, Toby Martyn, Ted Yamamura, and Lynn McCrory are former members of the BLNR. Defendant Timothy Johns is a current member of the BLNR. Defendant Samuel J. Lemma is an employee of Defendant Department of Land and Natural Resources ("DLNR").

On November 26, 2004, this Court granted in part Defendants' motion to dismiss the case. The only claim remaining is Plaintiffs' takings claim against the individual defendants. This Court stayed that claim pending resolution in state court of the issues regarding the ownership of the jeep trial. The parties appealed the order. The Ninth Circuit affirmed this Court on April 3, 2007. Almost three years have passed since the filing of the order staying the case, and five months have passed since the Ninth Circuit affirmed this Court's order, yet Plaintiffs have not filed an action in state court.

Defendants filed the instant motion to dismiss on July 10, 2007. Defendants request that this Court impose a deadline by which Plaintiffs must file a state court action, and dismiss this case for failure to prosecute if Plaintiffs do not meet that deadline. Plaintiffs filed an opposition on August 31, 2007. Defendants filed a reply on September 7, 2007.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 1966. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. See id. at 1974. "[C]onclusory allegations without more are

insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Plaintiffs state that they have not filed an action in state court because since the BLNR's announcement of its claim to the jeep trial in 2000, it has not attempted to enforce public access and has not attempted to disturb or challenge Plaintiffs' exclusive use and possession of the jeep trail. Plaintiffs also state that BLNR has informally indicated that it has no current plans to assert possession or control over the jeep trial. Plaintiffs state that they have no plans to develop the road either. Plaintiffs claim that they should not be required to file a state court action because there is no basis for being awarded attorney fees against the state if a state court action for quiet title were to be determined in their favor and the state court action could potentially lead to protracted and expensive litigation, and because the parties have in effect found a way to peacefully co-exist.

Plaintiffs' arguments are meritless and are actually more reason for this Court to dismiss the current action. If the parties are currently peacefully co-existing, and Plaintiffs have no intention of further prosecuting their case, then their case should be dismissed. This Court should not let this case languish any longer. The Ninth Circuit has recently stated that if a stay is granted, it should not

be indefinite in nature.  <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, - - F.3d - -, Nos. 05-56346, 05-75033, 2007 WL 2379611, at *5 (9th Cir. Aug. 22, 2007).  That is in effect what Plaintiffs are seeking in their opposition to the motion to dismiss.  As the Defendants are being sued personally, and most of them are former board members, they should be given an opportunity to see this case resolved in a timely fashion.  Furthermore, it is Plaintiffs who filed the instant action and therefore, they have placed themselves in the position of choosing to abandon this case or spending money to pursue the state action and then conclude this case.  Finally, if the BLNR does anything that Plaintiffs believe is wrong in the future they can sue the appropriate defendants at that time.

        Therefore, this Court GRANTS Defendants' motion.  This case will be dismissed without prejudice if Plaintiffs do not file a state action within 30 days of the date of this Order.

## CONCLUSION

        For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss.  If Plaintiffs do not initiate a state court action to resolve the state law

issue regarding ownership of the road on the property within 30 days of the date of this Order, this case will be dismissed without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 12, 2007.



_____
David Alan Ezra
United States District Judge

<u>Chandi Duke Heffner, et al. vs. Peter Young, et al.</u>, CV No. 04-00133 DAE BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS